DAVID N. FALES & *al. versus* DAVID DOW & *al.*

If one of the conditions of a bond, made, since the Revised Statutes were in force, to procure the discharge of the principal from arrest on an execution, be " to cite the creditors before *two justices of the peace, quorum unus,* and submit himself to examination, and take the oath or affirmation as prescribed by law for the relief of poor debtors," instead of before *two justices of the peace and of the quorum,* such bond is not a statute bond ; but it is valid as a bond at common law, if the creditors accept it.

Taking the oath required by law before two justices of the peace, *quorum unus,* would be a compliance with the latter clause of the condition; but his showing that he had caused to be " cited David Fales and Levi H. Dana," when the creditors were rightly named in the execution and in the bond as " David N. Fales and Levi H. Dana," does not prove, that he has performed the first clause of the condition, requiring him to cite the creditors before two justices.

If the debtor has not performed the condition of such bond, the damages are to be assessed by the Court, and not by the jury, under the provisions of the statute of 1842, c. 31, § 9.

DEBT upon a bond, dated July 11, 1842, given by the defendants to the plaintiffs to procure the discharge of the principals from arrest on an execution in favor of the plaintiffs against them. The condition of this bond is recited at the commencement of the opinion of the Court. On August 27, 1842, the oath prescribed by the Revised Statutes was administered to the debtors by two justices of the peace, of whom one was commissioned as of the quorum, but the other was not. The plaintiffs are described in the bond as David N. Fales and Levi H. Dana. In the certificate of the justices, the creditors are named David Fales and Levi H. Dana, when describing the judgment; and the evidence of notice to the creditors was contained in these words in the certificate : — " We have

caused David Fales and Levi H. Dana, the creditors, to be notified according to law of their, the said debtors', desire of taking the benefit," &c. Neither the certificate of the magistrates, nor the facts agreed, show that the creditors appeared at the examination.

The facts were agreed; and further, that if the action was not sustainable, the plaintiffs were to become nonsuit; but if it could be maintained, the defendants were to be defaulted, and judgment was to be rendered for such amount as they were entitled to by law, to be assessed by a jury or by the Court, as the Court may determine to be the proper mode.

*J. Appleton,* for the defendants.

*S. H. Blake,* for the plaintiffs. He cited 5 Greenl. 353; 1 Fairf. 121; 16 Maine R. 292; 17 Maine R. 448; 19 Maine R. 454; 20 Maine R. 376; 21 Maine R. 206; 20 Pick. 436.

The opinion of the Court was drawn up by

TENNEY J. — The condition in the bond declared on is, " that if the principal obligors shall in six months from the date, cite the creditors before two justices of the peace, quorum unus, and submit themselves to examination, and take the oath or affirmation as prescribed by law for the relief of poor debtors; or pay the debt, interest, costs and fees, arising in said execution; or be delivered in custody of the keeper of the prison," &c. the obligation to be void. The Revised Statutes, c. 148, § 20, require a bond conditioned, that the debtor shall cite the creditor before two justices of the peace and of the quorum. The difference between the condition required and that in the bond is material, and the bond is not a statute bond; but as the creditors accepted it and put it in suit, it is valid as a bond at common law.

It is contended by the defendants' counsel, that the condition has been performed, inasmuch as the oath was admin-. istered by magistrates commissioned according to the requirement in the bond. By the language used, the oath in the form prescribed by law, administered by two justices of the

peace, quorum unus, was a compliance with that part of the condition, but it was required also that the principal obligors should *cite the creditors.* The certificate shows, that David Fales and Levi H. Dana were cited, but the creditors named in the bond are David N. Fales and Levi H. Dana. These names are not the same, and by the authority of decided cases, the certificate is insufficient as a defence to the action, and the defendants must be defaulted.

The bond is not such an instrument, as is referred to in c. 31, § 9 of 1842, in which a jury are to assess the damages. The only evidence as to the ability of the debtors is found in the certificate, and the damages to the plaintiffs can be nominal only. Judgment for the penalty of the bond, and execution to issue for one cent damages and costs.